IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
(SOUTHERN DIVISION)

| | |
|---|---|
| **Cadence Bank,** § § § *Plaintiff,* § § **v.** § § **B&H Brands LLC dba JDog Junk Removal & Hauling, and James McClure** § § § § § *Defendants.* § § | Civil Action No. _____ |

# CADENCE BANK'S ORIGINAL COMPLAINT

COMES NOW, Cadence Bank, a Mississippi state chartered bank ("**Bank**"), and for its complaint against defendant B&H Brands LLC dba JDog Junk Removal & Hauling ("**Borrower**"), and James McClure ("**Guarantor**" and, together with Borrower, each individually a "**Defendant**", and collectively, the "**Defendants**"), would respectfully show as follows:

## I. PARTIES AND CITIZENSHIP

1. Plaintiff Bank is a state banking corporation organized under the laws of the State of Mississippi with principal place of business in Tupelo, Mississippi.

2. Defendant Borrower is an Alabama limited liability company with its principal place of business and main office in Alabaster, Alabama. Defendant

Borrower's sole member, Jon Christopher Binzer ("**J. Binzer**"), is an adult citizen of the State of Alabama residing in Shelby County, Alabama.

3. Defendant Guarantor is adult citizen of the State of Alabama residing in Shelby County, Alabama.

## II.  JURISDICTION AND VENUE

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship and the amount in controversy is in excess of $75,000.00.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Borrower is an Alabama limited liability company with its principal place of business in Shelby County, Alabama, and Guarantor is a resident of Alabama and resides in Shelby County, Alabama.

## III.  FACTS

### Loan from Bank to Borrower

6. On or about October 25, 2022, Bank made loan to Borrower in the principal amount of $300,000 (the "**Loan**"). The Loan is evidenced by, among other documents, that certain Note executed by Borrower and made payable to the order of Bank in the stated principal amount of $300,000.00 together with interest as stated therein (the "**Note**"). A true and correct copy of the Note is attached hereto as **Exhibit A** and is incorporated by reference herein.

7. The Note required Borrower to make consecutive monthly payments of principle and interest in the amount of $3,828.76 on the second (2nd) day of each month beginning two months from the date of the Note and continuing until the maturity of the Note on 10/25,2032, on which date all remaining amounts due under the Note are to be paid to Bank.

8. The Note further provides that if any payment required to be paid by Borrower is more than ten (10) days late, Bank may charge Borrower a late fee of up to 5.00% of the unpaid portion of the regularly scheduled payment.

9. The Loan and the Note are secured by a Security Agreement executed by Borrower dated October 25, 2022 (the "**Security Agreement**"). Pursuant to the Security Agreement, Borrower granted a security interest in all its business assets and equipment (as described in more detail in the Security Agreement, the "**Collateral**"). A true and correct copy of the Security Agreement is attached hereto as **Exhibit B** and is incorporated by reference herein.

10. On October 25, 2022, Guarantor executed and delivered an Unconditional Guarantee (the "**McClure Guaranty**") to Bank pursuant to which Guarantor, among other things, unconditionally guaranteed payment of all amounts owing under the Note. A true and correct copy of the McClure Guaranty is attached hereto as **Exhibit C** and is incorporated by reference herein.

11. Also on October 25, 2022, J. Binzer executed and delivered an Unconditional Guarantee (the "**J. Binzer Guaranty**") to Bank pursuant to which J. Binzer, among other things, unconditionally guaranteed payment of all amounts owing under the Note. A true and correct copy of the J. Binzer Guaranty is attached hereto as **Exhibit D** and is incorporated by reference herein.

12. Also on October 25, 2022, Brittney R. Binzer ("**B. Binzer**" and together with J. Binzer, collectively, the "**Binzer Guarantors**") executed and delivered an Unconditional Guarantee (the "**B. Binzer Guaranty**") to Bank pursuant to which B. Binzer, among other things, unconditionally guaranteed payment of all amounts owing under the Note. A true and correct copy of the B. Binzer Guaranty is attached hereto as **Exhibit E** and is incorporated by reference herein.

13. The Note, the Security Agreement, the McClure Guaranty, the J. Binzer Guaranty and the B. Binzer Guaranty are collectively referred to as the "**Loan Documents**".

14. The Note provides that Bank is entitled to recover costs of collection of all amounts owing under the Note or in connection with the enforcement of the Note, including, without limitation, reasonable attorneys' fees and expenses.

## Defaults under the Loan

15.     Beginning in November 2023, Borrower failed to make its monthly payments owing under the Note (the "**Payment Default**"), which constitutes a Default under Section 4(A) of the Note.

16.     On or about January 23, 2024, the Binzer Guarantors voluntarily filed for chapter 7 bankruptcy in the United States Bankruptcy Court for the Northern District of Alabama, Case No. 24-00215-TOM7 (the "**Insolvency Default**").[1]

17.     Under the Security Agreement, "the institution by … any guarantor … of any proceedings under the *Bankruptcy Code* 11 USC § 101 *et seq.* or any other law in which … any guarantor … is alleged to be insolvent or unable to pay its debts" constitutes an Event of Default.

18.     Pursuant to the Note and the Security Agreement, Bank is entitled to accelerate the indebtedness owing under the Loan Documents upon the occurrence of an Event of Default.

19.     As set forth above, Borrower defaulted under the Loan Documents as a result of the Payment Default and the Insolvency Default (collectively, the "**Defaults**").

---

[1] For the avoidance of doubt, nothing herein is, nor shall be construed as, an act to collect, assess or recover any claim against the Binzer Guarantors or to otherwise attempt to enforce Bank's claim against the Binzer Guarantors or the property of the Binzer Guarantors that is now part of the Binzer Guarantors' bankruptcy estate.

20. By letter dated February 21, 2024, counsel for Bank sent Borrower that certain *Notice of Default, Demand for Repayment, and Reservation of Rights* (the "**February 24' Notice**") (i) notifying the Defendants of the Defaults, (ii) notifying the Defendants that, due to the Defaults, Bank accelerated all amounts due and owing under the Note, and (iii) providing the Defendants ten (10) days to repay the entire indebtedness due and owing under the Loan Documents. A true and correct copy of the February 24' Notice is attached hereto as **Exhibit F** and incorporated herein by reference.

21. Despite the February 24' Notice, the Defendants have failed to pay all of the indebtedness due and owing under the Loan Documents within the 10-day window.

22. As of March 25, 2024, the principal indebtedness due and owing under the Note is $285,620.44, which sum does not include unpaid interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Bank in collecting the indebtedness owing under the Note, and other legally recoverable amounts.

### IV.   CAUSES OF ACTION

**Count 1 – Breach of Contract**
**(Borrower - the Note )**

23. Plaintiff incorporates the foregoing allegations herein as if restated *in toto*.

24. The Note is a valid and binding contract.

25. Plaintiff has performed or tendered performance of its obligations under the Note.

26. Borrower has failed to perform its obligations under the Note and is in default and in breach of its obligations under the Note, despite Plaintiff's written demand.

27. As a consequence of Borrower's defaults under the Note, Plaintiff has suffered damages as set out herein.

WHEREFORE, premises considered, Plaintiff prays for judgment against Borrower in the amount of $285,620.44, together with all accrued and accruing interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Plaintiff in collecting the indebtedness. Plaintiff prays for such other and further relief as this Court deems appropriate.

## Count 2 – Breach of Contract
### (Guarantor – McClure Guaranty)

28. Plaintiff incorporates the foregoing allegations herein as if restated *in toto*.

29. The McClure Guaranty is a valid and binding contract.

30. Pursuant to the McClure Guaranty, Guarantor guaranteed the payment in full of all indebtedness presently due and owing, or which may in the future

become due and owing, to Bank from Borrower (including the indebtedness under the Loan Documents).

31. Bank has fulfilled its obligations, if any, under the McClure Guaranty.

32. Guarantor is in breach of the McClure Guaranty for, among other reasons, failing to pay the entire indebtedness due and owing by Borrower to Bank under the Loan Documents despite written demand from Bank.

33. As a consequence of Guarantor's breach of the McClure Guaranty, Bank has suffered damages as set out herein.

WHEREFORE, premises considered, Plaintiff prays for judgment against Guarantor in the amount of $285,620.44, together with all accrued and accruing interest, late fees, and costs, including, without limitation, attorneys' fees and expenses incurred by Plaintiff in collecting the indebtedness. Plaintiff prays for such other and further relief as this Court deems appropriate.

        Respectfully submitted,

        **BRADLEY ARANT BOULT CUMMINGS LLP**

        By: */s/ Nolan S. Clark*
        Nolan S. Clark

        ***Counsel for Cadence Bank***

**OF COUNSEL:**

T. Parker Griffin
Nolan S. Clark
Bradley Arant Boult Cummings LLP

One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
pgriffin@bradley.com
nclark@bradley.com

**PLEASE RETURN SUMMONS AND COMPLAINT TO PLAINTIFF'S COUNSEL FOR SERVICE ON DEFENDANTS AS FOLLOWS:**

B&H Brands LLC dba JDog Junk Removal & Hauling
625 Chelsea Station Circle
Chelsea, Alabama 35043-3076

B&H Brands LLC
1032 Willow Branch Trail
Chelsea, Alabama 35043

B&H Brands LLC
200 Cloverdale Circle
Alabaster, Alabama 35007

James McClure
22 Eddings Lane
Alabaster, Alabama 35007